Judge Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RUSSELL BALANSAY SYMES, ) <br> ) <br> Defendant. ) <br> ) | NO. CR12-5000RBL <br><br> **GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Michael Lang, Assistant United States Attorney for said District, files this Sentencing Memorandum.

**I.  Introduction**

On January 5, 2012, the defendant, Russell Symes, pleaded guilty to three counts set forth in an Information, charging him with: conspiracy to distribute oxycodone, (Count 1), possession with intent to distribute oxycodone (Count 2), and felon in possession of a firearm (Count 3).  His sentencing is scheduled for Tuesday, July 16, 2012, at 2:00 p.m.

The government recommends that the court impose a sentence of 72 months (6 years) confinement, as well as five years supervised release, and the mandatory one hundred dollar penalty assessment per count.

Government's Sentencing Memo/ - 1
Russell Balansay Symes, CR12-5000RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## II. Guidelines Calculation

The government agrees with most of the guidelines calculations set forth in the US Probation Department's Presentence Report, with one exception– the government does not believe that a two-level enhancement should apply for the defendant's role in the offense. The government calculates the defendant's guidelines range as follows:

| | |
|---|---|
| Base Offense Level: | **32** |
| Dangerous Weapon possessed: | **+2** |
| Acceptance of Responsibility: | **-3** |
| Total offense level: | **31** |

The government agrees that the defendant has six criminal history points, resulting in a Criminal History Category of III.

**Guidelines range:         135-168 months**

A two level role adjustment should not apply. This scheme did not require or involve a high level of management or leadership, by Mr. Symes or anyone else. The offense primarily consisted of two defendants living together, buying and selling easily obtained drugs. The defendant lived with the co-defendant, Michael Holly, and they shared responsibility for traveling to Las Vegas and picking up loads of drugs, then re-selling them on the streets of Western Washington. While the defendant did take a larger share of the profits, he did not manage or direct this operation to a degree that the government believes warrants an upward adjustment.

## III. Discussion

The government agrees with the Probation Department that a sentence of 72 months' confinement is appropriate. This recommendation is based solely on the statutory sentencing factors set forth in 18 U.S.C. § 3553, including the nature and circumstances of the offense, and the history and characteristics of the defendant. The government does <u>not</u> believe that a motion pursuant to USSG § 5K1.1 is warranted in this case. Nevertheless, a sentence below the guidelines range is appropriate for other reasons.

Government's Sentencing Memo/ - 2
Russell Balansay Symes, CR12-5000RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

The nature and circumstances of this offense support a strict prison sentence. The illicit sale of prescription painkillers, such as the oxycodone that the defendant distributed, is a matter of tremendous public concern. The abuse of such prescription drugs is a serious and growing public health problem in the United States and in Washington State. According to the Centers for Disease Control and Prevention (CDC), unintentional overdose deaths involving prescription opioids increased 114 percent from 2001 to 2005 (the most recent data available). The Washington State Department of Health similarly reports that overdose deaths and hospitalizations involving prescription pain medicine have increased in Washington State significantly over the last 16 years. Between 1995 and 2009 in Washington State, prescription drug overdose deaths increased seventeen-fold, and prescription drug hospitalizations increased sevenfold. The defendant's sentence must reflect the potential public danger of his conduct.

The sentence must also reflect the presence of firearms in the defendant's apartment. The defendant's three firearms -- a .25 caliber pistol, a loaded Desert Eagle .44 caliber handgun, and an ACP .380 caliber pistol -- suggests his willingness to protect his drug enterprise through violence. Through his own good fortune, this never occurred, but the court's sentence must reflect the danger to the community that the defendant's conduct represented.[1]

All this being said, other statutory factors warrant a sentence <u>below</u> the guidelines range. First, the defendant's criminal history category counts six total points, but arise from relatively minor offenses. Over the last decade, first as a juvenile, and more recently as an adult, Mr. Symes has dabbled in deviant behavior involving alcohol, simple drug possession, and malicious mischief. These offenses have been relatively minor, at least in contrast to what this court typically sees, and the sentences have been likewise

---

[1] It should also be noted that the government used its discretion in not filing three additional counts under 18 U.S.C. § 924(c). A conviction for any such count would have carried a severe, mandatory sentence. The defendant has greatly benefited from this exercise in prosecutorial discretion.

Government's Sentencing Memo/ - 3
Russell Balansay Symes, CR12-5000RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

lenient. The government's recommendation attempts to reflect this relatively mild criminal history.

Finally, the government believes that a sentence of 72 months, at bottom, promotes respect for the law and provides just punishment. This sentence reflects the government's desire to keep the public interest in mind, yet to also treat the defendant justly.

**IV. Conclusion**

The defendant is at a significant crossroads in his life. His criminal conduct in this case suggests that he is a growing threat to the community, and the sentence he faces is the most severe he has ever faced. During his time in prison, he must make some hard choices about how he chooses to live the rest of his life. The government believes that a sentence of 72 months will give the defendant the chance to re-adjust his priorities and focus himself in the proper direction. Still, he may choose to continue down his current path. If so, he can rest assured that the government will be nowhere near as lenient as it has been in this case.

The government respectfully requests that the court impose the recommended sentence.

DATED this 29th day of June, 2012.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

*s/MICHAEL LANG*
Michael Lang
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:   (206) 553-7970
Fax:         (206) 553-2502
E-mail:      mike.lang@usdoj.gov

Government's Sentencing Memo/ - 4
Russell Balansay Symes, CR12-5000RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

> *s/Anna Chang*
> ANNA CHANG
> Paralegal
> United States Attorney's Office
> 700 Stewart Street, Suite 5220
> Seattle, Washington 98101-1271
> Telephone:  (206) 553-7970
> Facsimile:   (206) 553-2502
> E-mail:  Anna.Chang@usdoj.gov

CERTIFICATE OF SERVICE